[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brings this complaint, as amended, in several counts. The defendants, James Anderson and Robert Wakefield, d.b.a. Anderson Auto, deny the material allegations of the complaint, as amended.
The factual basis for this action results from the purchase on March 3, 1998, of a used 1986 Toyota pickup truck by the plaintiff from the defendants. (see plaintiff's Exhibit 1). As a part of this purchase transaction of the Toyota motor vehicle, the defendants included a CT Page 12808 guaranty for 30 days or 1500 miles wherein 100 percent of labor and parts would be provided to insure the sound mechanical operation of the vehicle during the period of the guaranty.
On or about March 7, 1998 the plaintiff had starting difficulty with the truck and notified the defendants. The truck was towed by the defendants to their premises. The plaintiff sought to have the vehicle repaired under the above-mentioned guaranty. The defendants denied coverage under the guaranty contending that under the "additional Terms of Agreement," paragraphs 2 and 7 of the guaranty the warranty becomes void upon misuse of the motor vehicle.
The misuse of the vehicle claimed by the defendants was the operation of the vehicle off-highway. The defendants contend that the vehicle was designed for and intended to be used on automotive highways. That, off-highway use subjects the vehicle to stresses it was not intended to withstand.
Further, the defendants contend that the damages incurred to the vehicle were to a large extent the result of the plaintiffs' failure to properly care for the vehicle when it gave signs of problems. These signs the defendants contend were leaking oil, overheating, excessive dark exhaust together with strong odors of burning oil. That these very noticeable and visible signs were the result of the loss of oil caused by the damage to the oil filter. That continued operation of the truck and the plaintiff's failure to stop and correct the condition caused the severe damage to the engine.
The plaintiff denies that he ever drove the vehicle off-highway; and further, that he had no inkling of the problems in the engine or the causes of these problems; so he had no reason to stop driving the truck and to investigate for engine problems.
The defendants presented evidence by an eye witness that the plaintiff was driving the Toyota in an area of Farmington known as the Flats. That this was where off-highway vehicles gathered to drive through mud, sand and rough terrain.
Evidence was also presented that when the Toyota was brought onto the defendants' premises its undercarriage, and engine were heavily coated with mud and sand. That the oil filter was located high upon the engine and protected by other lower parts of the engine from road debris. Nonetheless, the oil filter was struck by an object heavy enough to indent the filter container and to make a hole in it through which the oil was able to escape. The defendants contend that this combination of mud, sand and possibly a stone, was consistent with travel off-highway CT Page 12809 stresses for which the truck was not designed.
Thus, the truck's oil lubrication system was damaged.
The defendants' further contention is that, although the plaintiff's operation of the truck resulted in the damage to the oil filter which caused the loss of the necessary lubrication of the engine, that this damage to the oil filter in itself did not result in the severe damage to the engine. Rather, it was the continued operation of the truck while the oil gradually leaked out that damaged the engine.
The defendants note that, all motor vehicles are equipped with gauges and indicators to alert the operator of the motor vehicle when a problem is present in the engine. In the present case high temperature and low oil indicators were such gauges. They are designed to alert the driver to correct these troubles before serious injury occurs to the engine. That, the defendants contend, it is inconceivable that the plaintiff would have been unaware of these signals of engine trouble.
Further, that an engine with inadequate lubrication overheats to the extent that any remaining oil begins to breakdown with heavy smoke escaping into the engine compartment and through the engine exhaust system. That these occurrences are highly visible and strongly noticeable to the sense of smell.
Therefore, it is highly unlikely, perhaps nearly impossible, for the plaintiff to have been unaware that the engine was in severe difficulties. Yet he continued operating the truck until it no longer could run.
The plaintiff denies these contentions of the defendants and presented evidence that the vehicle was clean and without mud or sand on it; that he never drove off-highway including the Flats area in Farmington. That, the vehicle was running normally when it suddenly stopped and could not be restarted. He also noted that the only unusual aspects were the oil on the ground beneath the engine and the dented oil filter cartridge. That these abnormalities were noticed only after the engine failed to operate.
The court after hearing the evidence, examining the exhibits, reading the briefs and applying the law to the facts found, determines that the plaintiff has failed to prove by a preponderance of the evidence his allegations set out in the counts of his amended complaint.
The court notes that the evidence presented by the witnesses for the parties was inconsistent and contradictory. The court is not inclined to CT Page 12810 give greater weight to the evidence presented by the plaintiff where it is inconsistent with statements by the defendants' witnesses, when those witnesses appeared to be impartial and without bias for either party; or, where evidence presented by the defendants' witnesses orally and through photos showing the vehicle's undercarriage and engine coated with mud and sand; as against the plaintiff's oral evidence that the vehicle was clean and without mud or sand on it.
Further, plaintiff's contention is improbable that the engine stopped operating without any indication of engine problems on the gauges in the truck. And, that no other unusual sign of engine problems such as an odor of overheated oil or heavy smoke from the engine was present while he was operating the truck. Nor that there was any such sign of engine distress present when the engine stopped operating and would not restart.
Therefore, the court finds that the plaintiff has failed to prove by a preponderance of the evidence that his operation of the truck and/or his failure to heed and correct obvious engine problems was not a misuse of the vehicle which resulted in the engine failure.
Thus, the plaintiff's allegations that the defendants were liable to the plaintiff under the express warranty set out in Exhibit 1 is found for the defendants.
The court further finds that all counts of the amended complaint are dependant on the plaintiff's allegations of the breach of the express warranty; therefore, all counts of the plaintiff's amended complaint are found for the defendants.
Therefore, Judgment may enter for the defendants on all counts of the plaintiff's complaint, together with court costs.
Kremski, J.T.R.